

OZELIA HICKS, JR.,

    Plaintiff,

v.                         Civil Action No. 3:17CV803

JAMES E. PARKS,

    Defendant.

## MEMORANDUM OPINION

Ozelia Hicks, Jr., a Virginia inmate proceeding pro se, filed this 42 U.S.C. § 1983 action. This action proceeds on Hicks's PARTICULARIZED COMPLAINT.[1] ("Complaint," ECF No. 22.)[2] Hicks names James E. Parks, Offender Management Services Director for the Virginia Department of Corrections ("VDOC"), as the sole defendant. The matter is before the Court on Defendant Parks's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ("Motion to Dismiss," ECF No. 33), the Court's responsibility to review prisoner actions under 28 U.S.C. §§ 1915(e)(2) and 1915A, and Hicks's RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS ("Rule

---

[1] After filing his PARTICULARIZED COMPLAINT (ECF No. 22), Hicks submitted a second, duplicative copy of his PARTICULARIZED COMPLAINT (ECF No. 40). The two copies of the PARTICULARIZED COMPLAINT are identical, and this action proceeds on the first-filed PARTICULARIZED COMPLAINT (ECF No. 22).

[2] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Hicks's submissions.

12(c) Motion," ECF No. 36) and MOTION FOR RESPONSE TO GRANT RELIEF (INJUNCTIVE) VINDICATION OF CIVIL RIGHTS[3] ("Motion for Injunctive Relief and Response," ECF No. 39).[4] For the reasons that follow, the Motion to Dismiss (ECF No. 33) will be granted, and Hicks's motions (ECF No. 36, 39) will be denied.

## I. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a

---

[3] The Court notes that in Hicks's Motion for Injunctive Relief and Response, in addition to requesting an award of injunctive relief, Hicks responds to Defendant Parks's Motion to Dismiss. (See ECF No. 39.) In deference to Hicks's pro se status, to the extent that Hicks responds to Defendant Parks's Motion to Dismiss in his Motion for Injunctive Relief and Response, the Court will consider such response in its analysis of the Motion to Dismiss.

[4] Hicks also filed a number of submissions with the Court, which consist of letters to the Court and copies of various documents related to the VDOC's work release program, many of which are duplicative. To the extent that Hicks seeks to add vague new claims in his various submissions, Rule 12(c) Motion, and Motion for Injunctive Relief and Response, the Court notes that Hicks cannot add new claims by a passing reference in these filings. See Snyder v. United States, 263 F. App'x 778, 779-80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); Equity in Athletics, Inc. v. Dep't of Educ., 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs"). Therefore, to the extent that Hicks seeks to add any new claims in his various submissions, Rule 12(c) Motion, and Motion for Injunctive Relief and Response, the new claims will receive no further consideration in this action.

2

claim on which relief may be granted." 28 U.S.C. § 1915(e)(2);
see 28 U.S.C. § 1915A. The first standard includes claims based
upon "an indisputably meritless legal theory," or claims where the
"factual contentions are clearly baseless." Clay v. Yates, 809 F.
Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490
U.S. 319, 327 (1989)). The second standard is the familiar
standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency
of a complaint; importantly, it does not resolve contests
surrounding the facts, the merits of a claim, or the applicability
of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943,
952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R.
Miller, Federal Practice and Procedure § 1356 (1990)). In
considering a motion to dismiss for failure to state a claim, a
plaintiff's well-pleaded allegations are taken as true and the
complaint is viewed in the light most favorable to the plaintiff.
Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993);
see also Martin, 980 F.2d at 952. This principle applies only to
factual allegations, however, and "a court considering a motion to
dismiss can choose to begin by identifying pleadings that, because
they are no more than conclusions, are not entitled to the
assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[5]

---

[5] As noted above, Hicks filed a motion that he styled as a
Rule 12(c) Motion. "A motion for judgment on the pleadings under
Rule 12(c) utilizes the same standard as a motion made pursuant to

3

While the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PERTINENT ALLEGATIONS

In his Complaint, Hicks contends that the "civil rights violations" at issue in this action arise from "a formal letter dated August 31, 2016," which was written by Defendant Parks. (Compl. 2.) In the August 31, 2016 letter, Defendant Parks stated:

> This letter is in response to your correspondence concerning work release. The portion of Operating Procedure 830.5, Transfers, Facility Reassignments, which you included with your correspondence explained what you were requesting.
> With DOC work release your counselor must begin the application process. You are eligible for work release when you are within 8 to 14 months of your release date. As your release date is not until January 2020, you are presently ineligible for work release.
> Offenders who meet all eligibility criteria may request assignment to work release at the time of their annual review, or may be administratively reviewed at the discretion of the facility based upon pending date of release, provided the offender meets all other criteria.
> Your counselor can advise and explain to you all of the required criteria.

Rule 12(b)(6)." Moore v. Franklin Credit Mgmt. Corp., No. 3:09CV711, 2010 WL 1308048, at *1 (E.D. Va. Apr. 2, 2010) (citing Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002)).

4

A Sheriff/Jail requested work release is primarily for inmates housed at the jail waiting to come into DOC. The Sheriff/Jail Administrator will request that the DOC inmate remain there to serve his DOC sentence in the jail's work release program. Those inmates must be within two years of their release dates.

To return to the jail for work release, you will need to wait until you are eligible and request it through your counselor.

I trust this information has been beneficial to you.

(ECF No. 22-1, at 4-5.)[6]

Hicks alleges that Defendant Parks "[made] false statements in [the] letter to Hicks [dated] August 31, 2016, regarding reentry and work release [at] 24 months by Sheriff Request Administration." (Compl. 2-3.) Hicks also alleges that Defendant Parks "intentionally rewr[ote] the O.P. 830.5 to hinder the substantial benefit from educational reentry back into society with work release to rebuild a future necessary to meet financial obligations awaiting an offender['s] release, i.e., child support, court fines, and restitutions." (Id. at 2.) Further, Hicks alleges that the August 31, 2016 letter was "[a] deliberate attempt to hold an offender, specifically Hicks, in bondage longer to increase recidivism and his job security," resulting in "[a] constitutional

---

[6] The Court notes that in considering a motion to dismiss for failure to state a claim upon which relief may be granted, the Court may rely upon the allegations of the Complaint, as well as documents attached as exhibits or incorporated therein by reference. See Simons v. Montgomery Cty. Police Officers, 762 F.2d 30, 31 (4th Cir. 1985).

violation of equal protection under the law. Amend[ment] Fourteen." (Id.)

In addition to Hicks's allegations, Hicks attached, <u>inter alia</u>, a copy of VDOC Operating Procedure 830.5, with an effective date of November 1, 2014, to his Complaint. VDOC Operating Procedure 830.5 provides, in pertinent part:

> 1. Offenders who meet all eligibility criteria may request assignment to work release at the time of their annual review, or may be administratively reviewed at the discretion of the facility based upon pending date of release, provided the offender meets all other criteria. . . .
> . . . .
> 4. Eligibility Criteria – Offenders must meet each of the following criteria to be reviewed for work release participation:
> . . . .
>     b. Release Criteria – Release criteria vary depending on whether an offender is reviewed for Local Jail Release or for Sheriff Requested Work Release.
>         i. Local Jail Work Release criteria
>             (a) Offenders must be within 14 months of their Good Time Release Date or Mandatory Release Date <u>with a minimum of 8 months left to serve on their sentence</u>.
>             (b) Offenders approved for work release, Corrections Construction (CCU) and Environmental Services (ESU) are not required to complete the Re-Entry Program classes. Work Release, CCU and ESU are considered programs which provide job skills.
>         ii. Sheriff Requested criteria – offenders housed in the DOC must be within 24 months of their release date.

(ECF No. 22-1, at 17 (emphasis in original).)

Hicks identifies the following claims against Defendant Parks: (i) "Altering Government State Policy 830.5, Forgery (Transfers);" and, (ii) "Misrepresentation, § 18.2-498.3, Fraud." (Compl. 3.) As to the "[s]upporting argument and facts" for his claim regarding "Altering Government State Policy 830.5, Forgery (Transfers)," Hicks contends:

> James E. Parks by letter dated August 31, 2016, knowingly [and] deliberately altered state policy [VDOC] Operations Procedure 830.5; specifically [section] III. Definitions C) Sheriff Requested Work Release; a state responsible offender <u>housed</u> in a DOC facility <u>or</u> at a jail be permanently assigned to the jail's work release program. However, Mr. James E. Parks altered this policy stating, quote: ["]A Sheriff/Jail requested work release is primarily for inmates <u>housed</u> at the <u>jail</u> waiting to come into DOC. Those inmates must be within two years of their release dates . . . .["]

(<u>Id.</u> at 3-4 (emphasis in original) (internal citation to August 31, 2016 letter omitted).) In support of his claim regarding "Misrepresentation, § 18.2-498.3, Fraud," Hicks alleges:

> Concealment, submitting false writings and concealing factual material state policy to further his personal agenda. . . .
> Offender Hicks has complied with all [VDOC] policy and procedures [during] his inception into [VDOC] [on] May 3, 2014 and is due for release [on] January 13, 2020, [and has] approximately 22 months remaining on [his] sentence, with child support arrearages of and exceeding $25,000, court fines, a loss of foreclosed property, loss of family ties with children and grandchildren, parents elderly with little outside support, mounting legal fees.

(<u>Id.</u> at 4-5.)

Based on the foregoing allegations, the Court construes Hicks to raise the following claims for relief:

7

Claim One: Defendant Parks's August 31, 2016 letter, discussing the VDOC's policy regarding eligibility for work release and informing Hicks that he was ineligible for work release at that time, violated Hicks's (a) right to equal protection under the Fourteenth Amendment[7] (id. at 2), and (b) right to due process under the Fourteenth Amendment.[8] (See id.)

Claim Two: In the August 31, 2016 letter, Defendant Parks "knowingly [and] deliberately altered state policy [VDOC] Operations Procedure 830.5," constituting "forgery (transfers)." (Id. at 3.)

Claim Three: Defendant Parks "submit[ed] false writings and conceal[ed] factual material state policy to further his personal agenda," constituting misrepresentation and fraud in violation of Va. Code. Ann. § 18.2-498.3."[9] (Id. at 4.)

---

[7] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[8] "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

[9] Va. Code Ann. § 18.2-498.3 is titled "Misrepresentations prohibited," and provides:

Any person, in any commercial dealing in any matter within the jurisdiction of any department or agency of the Commonwealth of Virginia, or any local government within the Commonwealth or any department or agency thereof, who knowingly falsifies, conceals, misleads, or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be guilty of a Class 6 felony.

Va. Code Ann. § 18.2-498.3 (West 2019).

Hicks seeks only injunctive relief, requesting that "this Court enter judgment granting [Hicks] reentry, work release, and an injunction immediately in effect prior to judgment in accordance to evidence, [VDOC] policy 830.5." (Id. at 6.) Hicks explains:

> [He] has not filed for any money damage awards, however "Hicks" has suffered through this experience [with] post traumatic stress, humiliation, emotional distress, and a great financial loss [at] age 55. [His] only request is a reasonable opportunity to rebuild his future in accordance with the [VDOC] rehabilitation and fresh start O.P. 830.5 . . . .

(Id. at 5.)

## III. ANALYSIS

### A. Claim One (a) and (b)

#### 1. Claim One (a): The Equal Protection Clause

In Claim One, Hicks contends that Defendant Parks's August 31, 2016 letter, discussing the VDOC's policy regarding eligibility for work release and informing Hicks that he was ineligible for work release at that time, violated Hicks's right to equal protection under the Fourteenth Amendment. (Compl. 2.) Hicks alleges that there was "[a] deliberate attempt to hold an offender, specifically Hicks, in bondage longer to increase recidivism and his job security." (Id.)

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). In order to

9

state an equal protection claim, Hicks must allege facts that indicate: "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Hicks has not done so. Accordingly, Claim One (a) will be dismissed.

### 2. Claim One (b): The Due Process Clause

In Claim One (b), Hicks contends that Defendant Parks's August 31, 2016 letter, which set forth the VDOC's policy regarding work release and informed Hicks that he was ineligible for work release as of the date of the letter, resulted in a violation of Hick's right to due process under the Fourteenth Amendment. (See Compl. 2.)

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). Hicks does not enjoy a protected liberty interest in work release participation. See Kitchen v. Upshaw, 286 F.3d 179, 187 (4th Cir. 2002) (holding that "under Virginia law prisoners have no constitutionally protected liberty interest in work release"); see also Gaston v. Taylor, 946 F.2d

10

340, 344 (4th Cir. 1991) (en banc) ("Under Virginia law, work release . . . [is a] characteristically discretionary program[] in which [the prisoner-plaintiff] could acquire no entitlement.").[10]

Furthermore, to the extent that Hicks claims that Defendant Parks violated the VDOC's operating procedure regarding work release, violations of prison operating procedures of this ilk do not implicate due process rights. See Riccio v. Cty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990); Puranda v. Hill, No. 3:10CV733-HEH, 2012 WL 2311844, at *5 (E.D. Va. June 18, 2012). Accordingly, for these reasons, Hicks's due process claim, which is set forth in Claim One (b), will be dismissed.

**B. Claims Two and Three: State Law Claims**

Claims Two and Three present state law claims. Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). In light of the preliminary

---

[10] Moreover, in Kitchen, the United States Court of Appeals for the Fourth Circuit concluded that a discretionary order from the state sentencing court, providing that the inmate "may participate in a work release program if he is eligible," "obviously contemplated [that] Jail officials would make an independent determination of [the inmate's] eligibility" for work release. Kitchen, 286 F.3d at 187-88. Therefore, Hicks's attempt to claim that the sentencing court in his state criminal case mandated his participation in work release fails because the state sentencing court entered a discretionary order, ordering that "[Hicks's] Motion for Work Release is GRANTED, if [Hicks] is otherwise eligible." (See No. 39-1, at 11 (emphasis added).) Such a discretionary order creates no entitlement to participation in work release. See Kitchen, 286 F.3d at 187-88.

dismissal of Hicks's federal claims and the insubstantial nature of those federal claims, the Court declines to exercise its discretion to retain Hicks's claim for a violation of his rights under state law.[11] See Jenkins v. Weatherholtz, 909 F.2d 105, 110 (4th Cir. 1990). Accordingly, Hicks's state law claims, set forth in Claims Two and Three, will be dismissed without prejudice.

## IV. CONCLUSION

Defendant Parks's Motion to Dismiss (ECF No. 33) will be granted. Claim One (a) and (b) will be dismissed. Hicks's state law claims, which are set forth in Claims Two and Three, will be dismissed without prejudice. Hicks's Rule 12(c) Motion (ECF No. 36) and Motion for Injunctive Relief and Response (ECF No. 39) will be denied. The action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Hicks and counsel for Defendant.

It is so ORDERED.

_____ /s/ _REP_

Robert E. Payne
Senior United States District Judge

Date: September 3, 2019
Richmond, Virginia

---

[11] Moreover, in Claim Four, Hicks attempts to bring a private cause of action under Va. Code Ann. § 18.2-498.3, which is a criminal statute. (Compl. 4.)